UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FRANCISCO SURIEL,

              Plaintiff,

    v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY; PORT AUTHORITY POLICE DEPARTMENT; Police Officer ANDREW SAMUEL, Shield No. 3331; Police Officer JEREMY KHAN; Sergeant JOSEPH OPROMALLA; JOHN DOE, as Administrator of the Estate of ROBERT JONES; JOHN and JANE DOE 1-10,

              Defendants.

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

19 CV 3867 (PKC) (ST)

---

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Francisco Suriel is a resident of Kings County in the City and State of New York.

8. Defendant Port Authority of New York and New Jersey ("Port Authority") is a corporation duly organized and existing under and by virtue of the laws of the State of New York and New Jersey. It operates, maintains and controls the Port Authority Police Department ("PAPD"), including all the police officers thereof.

9. The defendant Port Authority is responsible for the policies, practices and customs of the PAPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees. At all times relevant times all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. The individually named defendants, at all times relevant herein, were officers, employees and agents of the PAPD. The individual defendants are sued in their individual capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the PAPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the Port Authority and the PAPD. Defendants John and Jane Doe 1 through 10 are sued in their individual capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 5:15 p.m. on August 6, 2018, Mr. Suriel was working as a driver for the ridesharing service Via.

15. Mr. Suriel was lawfully present in the "arrivals" area of JFK Terminal 8 awaiting his assigned passenger when two PAPD officers, believed to be defendant Samuel and either defendant Khan or Opromalla, approached plaintiff's vehicle.

16. The officers did not identify themselves to Mr. Suriel, who speaks

Spanish.

17. The individual defendants who did not approach plaintiff observed the encounter and had the opportunity and duty to intervene.

18. The defendants forcefully pulled Mr. Suriel from his vehicle and assaulted him repeatedly, causing him to sustain serious physical injuries.

19. Even though Mr. Suriel had committed no crime or offense and the defendants lacked even arguable probable cause to do so, they handcuffed and arrested Mr. Suriel.

20. The defendants took Mr. Suriel to a precinct.

21. At the precinct the individual defendants falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff commit the misdemeanor crimes of unlawful solicitation of ground transportation, resisting arrest and obstructing governmental administration. The defendants prepared, forwarded and signed false paperwork containing fabricated factual allegations.

22. At no point did the individual defendants observe plaintiff commit any crime or offense.

23. Plaintiff was eventually transported to Queens Central Booking, where he was detained at length.

24. Mr. Suriel was ultimately arraigned and released on his own

recognizance.

25. On or about February 20, 2019, the criminal charges were adjourned in contemplation of dismissal under circumstances indicative of innocence and with defendants lacking evidence to sustain the criminal charges.

26. Less than ninety days after the claims accrued and more than sixty days before commencement of this action, a written notice of claim was served upon the Port Authority.

27. The instant action is commenced less than one year after the causes of action have accrued.

28. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

38. Plaintiff was conscious of his confinement.

39. Plaintiff did not consent to his confinement.

40. Plaintiff's confinement was not otherwise privileged.

41. Defendant Port Authority, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

42. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### Unreasonable Force

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### State Law Assault and Battery

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

48. Defendant Port Authority, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial of Constitutional Right to Fair Trial

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. The individual defendants created false evidence against plaintiff.

52. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

53. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Abuse of Process

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The individual defendants issued legal process to place plaintiff under arrest.

57. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

58. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligence; Negligent Hiring/Training/Retention

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Defendant Port Authority, through the PAPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

62. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

63. Upon information and belief, defendant Port Authority knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

64. Upon information and belief, defendant Port Authority's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Intentional Infliction of Emotional Distress

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. By reason of the foregoing, the defendants, acting in their capacities as PAPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

68. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as PAPD officers.

69. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant Port Authority, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

70. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Infliction of Emotional Distress

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. By reason of the foregoing, the defendants, acting in their capacities as PAPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

73. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as PAPD officers.

74. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant

-12-

Port Authority, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

75. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### ELEVENTH CLAIM
### Failure to Intervene

76. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

77. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

78. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

79. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     February 14, 2020
               New York, New York

                                Elefterakis, Elefterakis & Panek

                                _____
                                Gabriel P. Harvis
                                80 Pine Street, 38th Floor
                                New York, New York 10005
                                (212) 532-1116
                                gharvis@eeplaw.com

                                *Attorneys for plaintiff*