UNITED STATES DISRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FRANCISCO SURIEL,

                Plaintiff,                              1:19-cv-03867

      ―against―                              **STIPULATED CONFIDENTIALITY AGREEMENT**

PORT AUTHORITY OF NEW YORK AND NEW JERSEY;
PORT AUTHORITY POLICE DEPARTMENT; POLICE   **(PKC) (SLT)**
OFFICER ANDREW SAMUEL, Shield No. 3331; POLICE
OFFICER JEREMY KHAN; SERGEANT JOSEPH
OPROMALLA, JOHN DOE, AS ADMINISTRATOR OF
THE ESTATE OF ROBERT JONES, JOHN and JANE DOE
1-10,

                Defendants.

------------------------------------------------------------------------X

      Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the undersigned parties enter this Stipulated Confidentiality Agreement to assure the confidentiality of certain information that the parties may disclose in the course of discovery proceedings.

      1.    As used in this Stipulated Confidentiality Agreement (the "Agreement"), the term "confidential information" includes any information that is disclosed by a party to the opposing party or its counsel in the course of discovery proceedings in this action and which at or before the time of disclosure has been designated as "confidential information" subject to this Agreement by the party disclosing it in one or more of the following ways:

      a.    Information set forth in an answer to an interrogatory may be so designated by including the words "confidential information" in the answer.

      b.    Information contained in any document or part thereof may be so designated by marking the words "confidential information" on the document or any copy of it delivered to the

opposing party or its counsel or by giving written notice to counsel for the opposing party, describing the document or part thereof either specifically or by category.

  c. Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given.

  2. " Confidential Information" subject to this Agreement disclosed to the opposing party or its counsel during the course of discovery proceedings in this action:

  a. Shall be used by the opposing party and counsel only for purposes of this action;

  b. Shall not be published to the public in any form by the opposing party or counsel, or used by the opposing party for any business or commercial purposes;

  c. Shall be disclosed by the opposing party or its counsel only to the following persons:

   i. the opposing party or attorneys of record for the opposing party, including any attorneys employed by a law firm of record that represents the opposing party;

   ii. secretarial, clerical and paralegal, or student personnel employed full-time or part-time by attorneys or a law firm that represents the opposing party;

   iii. independent (non-employee) expert witnesses or advisors retained by the opposing party in connection with this action;

   iv. officers and managerial or supervisory personnel of the party;

   v. court reporters or stenographers engaged to record deposition testimony, and their employees; and

3. A copy of this Agreement shall be delivered to each of the named parties and to each person within paragraphs 2(c)(iii) or 2(c)(iv) above, to whom a disclosure of "confidential information" is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Agreement shall be binding upon each such person to whom disclosure is made.

4. The parties agree that all personnel records, disciplinary files or civilian complaint records of the named defendants and all medical records of the plaintiff shall be deemed "confidential information" without any further designation, and that the use of the designation of "confidential information" on any other records will be used sparingly and in a manner consistent with the policy of the federal courts favoring public disclosure of court records. The parties agree that information is not confidential for purposes of this Agreement if it has been obtained from a source other than the producing party, including by freedom of information request, or is otherwise publicly available.

5. The provisions of this Agreement shall not be construed as preventing:

a. Any disclosure by a party of its own "confidential information;"

b. Any disclosure of "confidential information" subject to this Agreement to any judge, magistrate, or employee of this Court for purposes of this action;

c. Any disclosure of "confidential information" subject to this Agreement for the purpose of law enforcement by the Port Authority Public Safety Department.

6. All information subject to confidential treatment in accordance with the terms of this Agreement, and any pleadings, motions, or other papers filed with the Court disclosing any "confidential information" under this Agreement shall not be filed unless the proponent of the filing has first sought leave of Court to file under seal in accordance with the Court's Individual

Practices and the Local Civil Rules of the Eastern District of New York. Where possible, only those portions of filings with the Court that constitute "confidential information" shall be filed under seal.

7. This Agreement shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information, or other confidential matter; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Agreement; or (d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any "confidential information" subject to this Agreement; e) to make such redactions in documents designated as "confidential information" as the federal court in this district has recognized as valid and proper.

8. Upon the conclusion of this litigation, all "confidential information" subject to this Agreement supplied by the producing party and all copies thereof, shall be returned to the producing party or such "confidential information" shall be certified to have been destroyed.

9. Nothing in this Agreement this Agreement shall preclude a party from submitting "confidential information" in support of a motion filed in this action.

10. Nothing in this Agreement shall preclude a party from offering "confidential information" subject to the Agreement into evidence at a trial or hearing in this action.

Dated: New York, New York
September 16, 2020

*Elefterakis, Elefterakis & Panek*
*Attorneys for Plaintiff*
80 Pine Street, 38th Floor
New York, New York 10005
(212) 323-6880

By: _____
    Gabriel P. Harvis, Esq.
    *Digitally signed by Gabriel P. Harvis*
    *Date: 2020.09.16 22:51:33 -04'00'*

Dated: New York, New York
September 17, 2020

The Port Authority of New York and New Jersey
 Law Department
*Kathleen Gill Miller, Christopher Valletta*
*Attorney for Defendants, The Port Authority of New York and New Jersey, Police Officer Alexander Samuel, Police Officer Jeremy Kahn, and Sergeant Joseph Opromalla*
4 World Trade Center/150 Greenwich St.
24 Fl., New York, New York 10007
(212) 435-3434; (212) 435-3493

By: _____
    Kathleen Gill Miller, Esq.

SO ORDERED

Dated: Brooklyn, New York

_____, 2020

_____
HON. STEVEN L. TISCIONE
United States Magistrate Judge