

May 13, 2021

**VIA ECF**

Honorable Steven Tiscione
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11208

> *Re: Suriel v. The Port Authority of New York & New Jersey et al.*
> *1:19 civ 03867 (PKC) (ST)*

Dear Judge Tiscione:

The Port Authority of New York & New Jersey (the "Port Authority"), Police Officer Andrew Samuel, Police Officer Jeremy Kahn, Sgt. Joseph Opromalla, and Police Officer Brett Telesford submit this letter in opposition to plaintiff's letter motion for sanctions dated May 6, 2021 and in accordance with this Court's order of May 7, 2021.

Defendants have fully complied with the April 20, 2021 order that they "produce authorizations for cellular phone records as requested along with any relevant text messages." The personal cell phone records of the police officers, which are the subject of plaintiff's motion, were not requested by plaintiff in discovery demands served before the conference, and there is no basis in the record of the deposition testimony by the officers to support such a request.

### a) Policer Officer Andrew Samuel's Deposition & Plaintiff's Request

Police Officer Samuel testified at a deposition conducted by Gabriel Harvis, Esq. on November 20, 2020 that he often carried his personal cell phone when working plain clothes, which he was doing on the date of plaintiff's arrest August 6, 2018, but he did not testify that he carried it on that date. He testified he did not text Police Officer Telesford. He testified that he had a Port Authority issued cell phone. (Samuel deposition pp. 44-45, Exhibit A hereto). He further testified that he called Police Officer Telesford from his "job phone" at the time of the arrest. (Police Officer Samuel deposition p. 96, l.25, pp. 96-97, Exhibit A hereto). There is no testimony by Police Officer Samuel that he ever used his personal cell phone in relation to plaintiff's arrest.



On December 16, 2020, plaintiff served a second set of document demands based on the deposition of Police Officer Samuel, which included a request for the phone records of the phone Police Officer Samuel testified about and defendants responded on January 15, 2021 as follows:

"Request No. 18  Records reflecting telephone calls and electronic communications between Officers Samuel and Telesford on August 6, 2018. See Samuel Deposition p. 97, ll.14-18).

Response ….. In addition, all radio transmissions relating to Plaintiff's arrest were previously provided on December 15, 2020, Bates stamped PA1416-PA1418. Notwithstanding said objections and without waiver thereto, Defendants will provide an authorization for Plaintiff to obtain cellphone records for the work phone used by Police Officer Andrew Samuel from the hours of 4:30 pm to 6:00 pm on August 6, 2018."

There was no request for Police Officer Samuel's personal phone records made prior to the conference before Court on April 20.  It was never defendants' understanding that this Court had ordered the defendants to provide authorizations for personal cell phone records of Police Officer Samuel or Police Officer Telesford, who had not been deposed as of that date.

**b)  Police Officer Telesford Testified He Did Not Have A Port Authority Issued Phone And Did Not Use His Personal Phone**

Police Officer Telesford testified on April 30, 2021, and the transcript of his deposition is not yet available but based on my notes I can represent to the Court that he testified that while he carried a personal phone, he did not use it during the arrest. He was not the arresting officer, but he assisted Police Officer Samuel in the arrest.  He testified that he did not have a Port Authority issued cell phone, but he had a radio as did Police Officer Samuel.  He testified that he and Police Officer Samuel had in the past attended a concert and sporting event and a baby shower together, but he denied ever sending Police Officer Samuel a text.

**c)  There is No Justification For Personal Cell Phone Records**

 Plaintiff's letter of May 6 argues that due to the fact that Police Officers Samuel and Telesford "they were personal friends" and both had personal cell phones that these records should be made available.  This is presumable based on Police Officer Telesford's testimony that they occasionally saw each other outside of work and that he had a personal cell phone with him on August 6.   However, Police Officer Samuel did not positively testify that he had his personal phone with him on August 6, 2018, and both officers deny using their personal phones during the arrest. Both officers also testified that they had never discussed the arrest after it took place. Texts on personal phones implicate Fourth Amendment rights and should not be disclosed absent a showing of necessity**.** See *Carpenter v. US* ___U.S._____138 S. Ct. 2206, 201 L. Ed. 2d 507 (2018); *Riley v. California* 573 U.S. 373, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014).



Authorizations for cell phone records of police officers' personal phones also warrant a strong showing since they are likely to contain their home telephone numbers as well as the numbers of close family members which could place the officer at risk of retaliatory action by plaintiffs or the families. No such showing has been made here.

### d) The Authorization For Police Officer Samuel's Port Authority Phone Has Been Provided

Because the cell phones were obtained by the Port Authority and issued to some police officers, we have been trying to establish the proper person to execute the authorization for the phone given to Police Officer Samuel. We have at all times assured plaintiff that we would provide this authorization as stated in our response to the discovery demands. The supervisor who was in charge of the police cell phones is no longer with the Port Authority, which made the inquiry more complicated. We were able to learn that Police Officer Samuel's name is in the Verizon portal, so we have prepared and provided an authorization executed by him. In addition, because the cell was obtained by the Port Authority, we have prepared and obtained an authorization executed by a PAPD official, Jack Niedermeyer. Both authorizations were provided on May 12, 2021( Exhibit C hereto). In addition, defendants have been working to unlock the phone formerly issued to PO Samuel in order to take snapshots of any texts, but so far we have not been successful. We are continuing to work on this matter.

Defendants believe they have fully complied with the Court order and that the application is baseless. It should also be noted that the sanction motion was made without a meet and confer with defendants as required by the Court's rules.

Respectfully submitted

/S/

Kathleen Gill Miller

KGM:kc
Encls.
cc:     **VIA ECF (**gharvis@elefterakislaw.com)
        Gabriel Harvis Esq.
        Baree Fett, Esq. (bfett@elefterakislaw.com)
        Elefterakis Elefterakis & Panek
        80 Pine Street
        38th Floor



New York, New York