# EXHIBIT B

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FRANCISCO SURIEL,                                                    DEFENDANTS' RESPONSE
                                                                     TO PLAINTIFF'S SECOND
                                                                     SET OF DISCOVERY
                        Plaintiff,                                   DEMANDS

     - against -                                                     19-CV-3867 (PKC) (ST)


PORT AUTHORITY OF NEW YORK AND NEW
JERSEY; PORT AUTHORITY POLICE
DEPARTMENT; Police Officer ANDREW SAMUEL,
Shield No. 3331; Police Officer JEREMY KHAN;
Sergeant JOSEPH OPROMALLA; Police Officer BRETT
TELESFORD; JOHN DOE, as Administrator of the Estate
of ROBERT JONES; JOHN and JANE DOE 1-10,

                        Defendants.
-----------------------------------------------------------------x
```

Defendants, The Port Authority of New York & New Jersey, Police Officer Andrew Samuel, Police Officer Jeremy Kahn, Sgt. Joseph Opromalla, and Police Officer Brett Telesford (hereinafter "Port Authority"), by the undersigned attorneys, make the following responses and objections to the Plaintiff's Second Set of Discovery Demands, dated December 16, 2020.

## GENERAL RESPONSES AND OBJECTIONS

Defendants make the following General Objections to the Plaintiff's Second Set of Discovery Demands. Because these General Objections apply to each of the Plaintiff's Second Set of Discovery Demands, they are for convenience set forth immediately below and not repeated. The assertion of the same, similar, or additional objections in response to specific Plaintiff's Second Set of Discovery Demands does not waive any of Defendants' General Objections as set forth below:

1. Defendants object to each request for Interrogatories and Document Production Requests to the extent it seeks discovery of information protected by the attorney-client privilege or any other privilege, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation.

2. Defendants object to each request for Interrogatories and Document Production Requests to the extent it seeks to impose obligations on Defendants that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of New York or any court order that may be entered that governs discovery.

3. Defendants object to each request for Interrogatories and Document Production Requests to the extent it is vague, overbroad or unduly burdensome or calls for the production of documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to each request for Interrogatories and Document Production Requests to the extent it seeks documents not within Defendants' possession, custody, or control.

5. Defendants object to each request for Interrogatories and Document Production Requests to the extent it seeks documents which are a matter of public record or to which the Plaintiff has equal access.

6. Defendants object to each request for Interrogatories and Document Production Requests to the extent it seeks documents protected from disclosure by any law or agreement protecting the disclosure of documents that is binding on Defendants.

7. Defendants reserve the right to challenge the relevance or materiality of their responses to the request for Interrogatories and Document Production Requests in any subsequent proceeding or trial of this or any other action.

8. With respect to any documents that Defendants may produce in response to the Plaintiff's Second Set of Discovery Demands, Defendants do not waive, and specifically preserve, the right to object to the authenticity and/or the admissibility of any such documents in any subsequent proceeding, including the trial of this or any other action.

9. Defendants makes their responses to the Plaintiff's Second Set of Discovery Demands based on their present knowledge and without prejudice to their right to revise, correct, modify, amend, or supplement any of the responses provided herein.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 15**

All PANYNJ training materials related to hack enforcement. See Samuel Deposition, p. 22, ln. 11-17.

**RESPONSE NO. 15**

Objection. This demand is overly broad, unduly burdensome, and calls for the production of documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections and without waiver thereto, see the hack enforcement guidelines previously provided on January 17, 2020 and Bates stamped as PA 31 – PA 37. As discovery is ongoing, Defendants reserve the right to supplement this response.

**REQUEST NO. 16:**

PANYNJ roll call for August 6, 2018. See Samuel Deposition, p. 36, ln. 8.

**RESPONSE NO. 16**

Objection. This demand is unduly burdensome and calls for the production of documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendants object to producing the roll call due to potential airport security exposure as these documents detail the placement of Port Authority Police Officers throughout the airport at various times and locations. Notwithstanding said objections and without waiver thereto, see the attached redacted version of the roll call from August 6, 2018, Bates stamped as PA 2038 – PA 2045.

**REQUEST NO. 17**

Any PANYJ academy materials relating to which offenses require the use of surveillance video. See Samuel Deposition, p. 53, ln. 12-16.

**RESPONSE NO. 17**

Objection. This demand is overly broad, unduly burdensome, ambiguous, unintelligible as demanded, and calls for the production of documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 18**

Records reflecting telephone calls and electronic communications between Officers Samuel and Telesford on August 6, 2018. See Samuel Deposition, p. 97, ln. 14-18.

**RESPONSE NO. 18**

Objection. This demand is overly broad as it is not limited in time or scope, unduly burdensome, ambiguous, and calls for the production of documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. In addition, all radio transmissions relating to Plaintiff's arrest were previously provided on December 15, 2020,

Bates stamped as PA 1416 – PA 1418. Notwithstanding said objections and without waiver thereto, Defendants will provide an authorization for Plaintiff to obtain the cellphone records for the work phone used by Police Officer Andrew Samuel from the hours of 4:30pm to 6:00pm on August 6, 2018 under separate cover.

**REQUEST NO. 19**

All PANYNJ documents maintained under file number CCR 18K9264 and/or Case Number 718-18. See Samuel Deposition, p. 204, ln. 13-18.

**RESPONSE NO. 19**

Objection. This demand is overly broad and unduly burdensome. Notwithstanding said objection and without waiver thereto, Defendants have previously provided the Port Authority Police arrest file in reference to Plaintiff's arrest under this file and case number in its initial Rule 26 Disclosure, Bates stamped as PA 1 – PA 28.

**REQUEST NO. 20**

All documents related to any agreements between the Queens District Attorney and PANYNJ regarding enforcement and/or prosecution of unlawful solicitation statutes. See Samuel Deposition, p. 235, ln. 2, p. 236, ln. 6.

**RESPONSE NO. 20**

Objection. This demand is overly broad, unduly burdensome, and calls for the production of documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection and without waiver thereto, Defendants are not aware of any documents responsive to this request. As discovery is ongoing, Defendants reserve the right to supplement this response.

**REQUEST NO. 21**

All photographs depicting the JFK Terminal 8 Arrivals area as of August 6, 2018.

**RESPONSE NO. 21**

Objection. This demand is unduly burdensome and calls for production of items equally accessible to the Plaintiff that can be requested from American Airlines. The Port Authority does not operate, maintain, or control any surveillance cameras at the Terminal 8 lower level Arrivals area as maintained in Defendants September 14, 2020 Supplemental Disclosure, in which Defendants provided still photos of the exterior cameras at Terminal 8 showing the upper level Departures area, Bates stamped as PA 652 - PA 654.

**REQUEST NO. 22**

All photographs depicting the location of surveillance cameras at Terminal 8 Arrivals area as of August 6, 2018.

**RESPONSE NO. 22**

Objection. This demand is unduly burdensome and calls for production of items equally accessible to the Plaintiff that can be requested from American Airlines. The Port Authority does not operate, maintain, or control any surveillance cameras at the Terminal 8 lower level Arrivals area as maintained in Defendants September 14, 2020 Supplemental Disclosure, in which Defendants provided still photos for the exterior cameras at Terminal 8 showing the upper level Departures area, Bates stamped as PA 652 - PA 654.

<u>**RESPONSE TO INTERROGATORY REQUEST**</u>

**INTERROGATORY REQUEST NO. 14**

Identify where along the JFK Terminal 8 Arrivals roadway Francisco Suriel was handcuffed.

**INTERROGATORY REQUEST RESPONSE NO. 14**

Objection. This interrogatory is vague. Notwithstanding said objection and without waiver thereto, as stated in the arrest paperwork (Bates stamped as PA 10), the Plaintiff was arrested at the Terminal 8 Arrivals area. In addition, as testified to by Officer Andrew Samuel at his deposition on November 20, 2020, the arrest of Plaintiff was at the Terminal 8 Arrivals roadway "in the middle of the roadway which is the passenger pick-up area." See Officer Samuel Deposition transcript, p. 79: 5-17.

Dated: New York, New York
       January 15, 2021

                                    Yours,

                                    Port Authority Law Department

                                    By: _____
                                            Christopher Valletta, Esq
                                            Kathleen Gill Miller, Esq.
                                            4 World Trade Center, 24th Floor
                                            150 Greenwich Street
                                            New York, New York 10007
                                            Telephone No.: (212) 435-3493

TO:    Elefterakis, Elefterakis & Panek
         Gabriel P. Harvis, Esq.
         80 Pine Street, 38th Floor
         New York, New York 10005
         Service via Email
         gharvis@elefterakislaw.com
         bfett@elefterakislaw.com