| | |
|---|---|
| **Subject:** | Suriel - rejection of IME notice |
| **Date:** | Wednesday, May 26, 2021 at 4:27:14 PM Eastern Daylight Time |
| **From:** | Gabriel Harvis |
| **To:** | Valletta, Christopher J |
| **CC:** | Miller, Kathleen, Baree Fett |

**Attachments:** image001.png, image002.png, image003.png, image004.png, image005.jpg

Good afternoon,

Having researched the matter, we reject the purported IME notice and will oppose defendants' Rule 35(a)(1) application in its present form. As the Hon. James Orenstein has explained:

> Pursuant to Federal Rule of Civil Procedure 35:
>> The court where the action is pending may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner ... [The order] may be made only on motion for good cause.
>
> Fed.R.Civ.P. 35(a)(1)-(2)(A). Rule 35 requires "discriminating application" by the trial judge. *Schlagenhauf v. Holder,* 379 U.S. 104, 117-18, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). While the movant need not prove its case on the merits, a movant can neither meet his burden to demonstrate that an adversary's "mental ... condition ... is in controversy" nor satisfy the "good cause" requirement "by mere conclusory allegations of the pleadings [or] by mere relevance to the case ..." *Id.* Rather, the movant must make "an affirmative showing ... that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* What constitutes "good cause" depends on the circumstances of the case, including the movant's ability to obtain the information it seeks by other means. *Id.*

*Jarrar v. Harris*, No. CV07-3299(CBA)(JO), 2008 WL 2946000, at *3 (E.D.N.Y. July 25, 2008)

Thus, not only are defendants required to obtain an order on a showing of good cause in order to conduct an exam, but the order must "specify the…manner, conditions, and scope of the examination." None of that information is contained in the purported notice served last week.

In the interest of cooperation, we would be willing to confer about manner, condition and scope in an effort to reach agreement so that we can offer our consent to defendants' motion. But as it stands we oppose it and the examination is not going forward.

To the extent that an examination is conducted, please work with us to schedule the date and note that a member of our office staff will accompany Mr. Suriel. We also will be stenographically recording the proceeding and request a copy of the report and all drafts and notes in accordance with FRCP 34 and 35(b)(5). Also, we will be deposing the examiner at a convenient date and time.

We are available any time if you would like to discuss.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
T 212.532.1116
F 212.532.1176



   

"Elefterakis Law is NYC's power-house personal injury law firm."
-Super Lawyers

**From:** Valletta, Christopher J <cjvalletta@panynj.gov>
**Date:** Wednesday, May 26, 2021 at 2:49 PM
**To:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Cc:** Miller, Kathleen <kmiller@panynj.gov>, Baree Fett <bfett@elefterakislaw.com>
**Subject:** RE: Expert Demand

June 23rd at 4:30pm with Dr. Casden is confirmed for plaintiff's IME. A Spanish interpreter will be provided at the doctor's office.

Please also see attached notices of deposition for Dr. Oribe and Dr. Salehin. Subpoenas to these doctors will follow and we will provide a copy of any subpoenas we serve to you in accordance with the federal rules.

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Sent:** Wednesday, May 26, 2021 2:05 PM
**To:** Valletta, Christopher J <cjvalletta@panynj.gov>
**Cc:** Miller, Kathleen <kmiller@panynj.gov>; Baree Fett <bfett@Elefterakislaw.com>
**Subject:** Re: Expert Demand

**CAUTION:** This email originated from outside the Port Authority. Do not open attachments or click on links from unknown senders or unexpected emails.

Good afternoon,

This request is improper. First, the timing for expert disclosures is governed by FRCP 26(a)(2)(D) and fact discovery does not close until August 2, 2021. Second, the only experts required to provide the disclosures defendants are requesting are those "retained or specially employed to provide expert testimony in the case" and that requirement does not apply to plaintiff's treating doctors. *See* FRCP 26(a)(2)(B). Plaintiff previously identified doctors he intends to call at trial by disclosure dated May 5, 2021.

Also, we will need to move the IME you noticed for June 2nd to later in the month. Would 22nd or 23rd of June work?

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
T 212.532.1116
F 212.532.1176





"Elefterakis Law is NYC's power-house personal injury law firm."
-Super Lawyers

**From:** Valletta, Christopher J <cjvalletta@panynj.gov>
**Date:** Wednesday, May 26, 2021 at 1:54 PM
**To:** Gabriel Harvis <gharvis@elefterakislaw.com>, Baree Fett <bfett@elefterakislaw.com>
**Cc:** Miller, Kathleen <kmiller@panynj.gov>
**Subject:** Expert Demand

Good afternoon please see attached.

Christopher Valletta, Esq.
**THE PORT AUTHORITY** OF NY & NJ
Law Department
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, NY 10007
P: 212-435-3493
E: cjvalletta@panynj.gov

To ensure compliance with Treasury Department regulations, please be advised that, unless otherwise expressly indicated, any federal tax advice contained in this message (together with any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters.
--------------------------------------
This e-mail (together with any attachments) is intended only for the use of the named addressee(s) and may contain legally privileged and/or confidential information; please notify me immediately if you received this e-mail in error.  Any unauthorized use, dissemination, distribution or copying of this e-mail (or any attachments) is strictly prohibited.


NOTICE: THIS E-MAIL AND ANY ATTACHMENTS CONTAIN INFORMATION FROM THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY AND AFFILIATES. IF YOU BELIEVE YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY, PERMANENTLY DELETE THIS E-MAIL (ALONG WITH ANY ATTACHMENTS), AND DESTROY ANY PRINTOUTS.
**DISCLAIMER FOR ELECTRONIC COMMUNICATIONS NOTICE TO RECIPIENTS: The information contained in (and attached to) this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney/client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately by reply e-mail, and delete the original message (including attachments).
NOTICE: THIS E-MAIL AND ANY ATTACHMENTS CONTAIN INFORMATION FROM THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY AND AFFILIATES. IF YOU BELIEVE YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY, PERMANENTLY DELETE THIS E-MAIL (ALONG WITH ANY ATTACHMENTS), AND DESTROY ANY PRINTOUTS.