# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

FRANCISCO SURIEL,

                    Plaintiff,

      -against-

PORT AUTHORITY OF NEW
YORK AND NEW JERSEY, et al.,

               Defendants.

**19 CV 3867 (PKC) (ST)**

Plaintiff's Memorandum of Law in Opposition to
Defendants' Motion for Partial Summary Judgment

Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005

September 9, 2022

## Table of Contents

Table of Authorities ................................................................................................ ii

Preliminary Statement ............................................................................................ 1

Response to the "Statement of Facts" in Defendants' Brief.......................................... 1

The Summary Judgment Standard ........................................................................... 2

Argument.............................................................................................................. 4

    Plaintiff Withdraws his Unlawful Stop Claim ...................................................... 4

    Plaintiff Withdraws his Malicious Abuse of Process Claim..................................... 4

    Plaintiff's Negligence Claim Survives ................................................................. 5

    Plaintiff Withdraws his Claims for Emotional Distress .......................................... 7

    Plaintiff's Failure to Intervene and False Arrest Claims Survive ............................ 7

    Plaintiff Does Not Assert a *Monell* Claim......................................................... 10

    The State Law Claims are Timely ..................................................................... 10

    Plaintiff Withdraws against the Port Authority Police Department..................... 11

Conclusion.......................................................................................................... 12

Table of Authorities

CASES

*Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113 (2d Cir. 2004) ........................... 3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................ 3

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ......................................................... 3

*Cordero v. City of New York*, 282 F. Supp. 3d 549 (E.D.N.Y. 2017) .......................... 4

*Dawkins v. Williams,* 413 F.Supp.2d 161 (N.D.N.Y. 2006) ...................................... 7

*Jackson v. City of New York*, 939 F. Supp. 2d 219 (E.D.N.Y. 2013) .......................... 7

*Jackson v. Federal Express*, 766 F.3d 189 (2d Cir. 2014) ........................................ 2

*Karoon v. N.Y.C. Transit Auth.,* 241 A.D.2d 323 (1st Dep't 1997) ........................ 11

*Mark v. Gawker Media LLC*, 13 CV 4347 (AJN), 2016 WL 1271064 (S.D.N.Y. Mar.
29, 2016) ..................................................................................................... 3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986) .................... 3

*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006) ................................................ 2

*Rodriguez v. City of New York*, ___ F.Supp.3d ____, 2022 WL 900613 (E.D.N.Y.
March 28, 2022) ........................................................................................ 5, 6

*Snead v. City of New York,* 463 F. Supp. 3d 386 (S.D.N.Y. 2020) ............................ 8

*Snead v. LoBianco*, 16 CV 09528 (AJN), 2021 WL 861060 (S.D.N.Y. Mar. 8, 2021)8

*Theodat v. City of New York*, 818 Fed. Appx. 79 (2d Cir. 2020) .......................... 9, 10

*Thompson v. Clark*, 142 S. Ct. 1332 (2022) ............................................................ 4

*Velez v. City of New York*, 730 F.3d 128 (2d Cir. 2013) ........................................ 11

STATUTES

42 U.S.C. § 1983 ..................................................................................... 6, 7

RULES

Fed. R. Civ. P.  37(c) ................................................................................ 2

Fed. R. Civ. P. 41(a)(2) ............................................................................ 4, 5

Fed. R. Civ. P. 56 .................................................................................. 3, 10

Fed. R. Civ. P. 56(a) ................................................................................. 3

Fed. R. Civ. P. 56(e) ................................................................................. 3

Loc. Civ. R. 56.1 ...................................................................................... 1

Loc. Civ. R. 56.1(b) ............................................................................... 2, 5

Preliminary Statement

If it should please the Court, defendants' motion for partial summary judgment raises narrow legal issues, several of which plaintiff concedes and some of which lack merit. However, we respectfully submit that defendants' treatment of the facts is improper.

Response to the "Statement of Facts" in Defendants' Brief

In contravention of Local Civil Rule 56.1 and ordinary summary judgment practice, defendants brief includes a nine-page factual recitation that is untethered to their 56.1 statement, thus depriving plaintiff of the opportunity to address each statement individually as contemplated by the Local Rules. Making matters worse, several of the statements in movants' fact section misrepresent the record and distort key aspects of the dispute, needlessly frustrating the summary judgment analysis.

For instance, it is beyond cavil that Mr. Suriel, a rideshare driver for the Via service, was waiting for his assigned passenger at Terminal 8 when the defendant officers seized him without inquiry and arrested him for solicitation. Indeed, the corporate designee of the Via service specifically testified that it was not possible for Mr. Suriel to "cancel" the trip in question or mark the prospective passenger a "no-show." *See* Plaintiff's Rule 56.1 Counterstatement dated September 9, 2022 ("Pl. 56.1"), Responses 21-25.

Yet in their brief (at p. 4) defendants represent that Mr. Suriel was "not supposed to cancel," intending to create the misimpression that Mr. Suriel had the capability to

cancel through his app and may have in fact done so, when, as an indisputable technical matter, this was not possible. *Id.; see also* Pl. 56.1 at Response 30.

Defendants also improperly rely on cell phone records that were not produced in discovery to support their factual recitation at p. 7 of their brief. Such evidence (which is referenced but not submitted by defendants) should not be considered because defendants failed to produce the documents in response to an applicable Rule 34 request propounded by plaintiff at the initial conference. Fed. R. Civ. P.  37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion…"); *Patterson v. Balsamico*, 440 F.3d 104, 117-18 (2d Cir. 2006).

 For a recitation of the facts relevant to this motion, plaintiff respectfully refers the Court to the accompanying Loc. Civ. R. 56.1(b) counterstatement.

<u>The Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 allows a party to seek a judgment before trial on the grounds that all facts relevant to a claim are undisputed and that those facts entitle the party to the judgment sought. *Jackson v. Federal Express*, 766 F.3d 189, 194 (2d Cir. 2014). "The Court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Mark v. Gawker Media LLC*, 13 CV 4347 (AJN), 2016 WL 1271064,

*2 (S.D.N.Y. Mar. 29, 2016) (quoting Fed. R. Civ. P. 56(a)) (quotation marks omitted).

A fact is "material" within the meaning of Fed. R. Civ. P. 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 122 (2d Cir. 2004) (quotation omitted).

The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

## Argument

### Plaintiff Withdraws his Unlawful Stop Claim

In Point I of their brief, defendants argue that plaintiff was not subjected to a *Terry* stop, but rather a "sudden arrest," citing plaintiff's counsel's case before the late Honorable Jack B. Weinstein, *Cordero v. City of New York*, 282 F. Supp. 3d 549 (E.D.N.Y. 2017). Given defendant Samuel's testimony that he decided to arrest Mr. Suriel before asking him a single question,[1] we agree with defendants and therefore respectfully consent to dismissal of plaintiff's unlawful stop claim pursuant to Fed. R. Civ. P. 41(a)(2).

### Plaintiff Withdraws his Malicious Abuse of Process Claim

Defendants argue in Point II of their brief that the summary judgment record does not raise triable issues with respect to plaintiff's malicious abuse of process claim. Upon due consideration and given the facts adduced in discovery and plaintiff's pending motion for leave to assert a malicious prosecution claim based on intervening Supreme Court precedent,[2] plaintiff respectfully concurs and consents to dismissal of his malicious abuse of process claim pursuant to Fed. R. Civ. P. 41(a)(2).

---

[1] *See* Deposition Testimony of Andrew Samuel, annexed to the Declaration of Gabriel P. Harvis dated September 9, 2022 ("Harvis Decl.") as Exhibit 3, p. 106, ln. 17-20.

[2] *See Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022) (reversing the Second Circuit and holding that a malicious prosecution plaintiff "need only show that the criminal prosecution ended without a conviction"); Plaintiff's Motion for Partial Summary Judgment dated July 26, 2022, Point II (pp. 7-8).

<u>Plaintiff's Negligence Claim Survives</u>

In their brief at Point III, defendants cite plaintiff's counsel's case before the Hon. Nina Gershon, *Rodriguez v. City of New York*, ___ F.Supp.3d ____, 2022 WL 900613 (E.D.N.Y. March 28, 2022), for the proposition that a claim for negligent hiring, training and retention will not lie where defendants concede that the officers were acting in the scope of their employment at the time of the challenged conduct. We agree, and, given defendants' concession (at p. 13 of their brief), plaintiff respectfully consents to withdrawal of this claim in accordance with Fed. R. Civ. P. 41(a)(2).[3]

Defendants, however, misstate the law and the facts when they argue, without authority in the last sentence of their Point III (at p. 13): "Here the allegations are that Samuel and Telesford engaged in intentional conduct, which is inconsistent with any claim for negligence under state law thereby defeating a claim for negligence and *respondeat superior* liability." First, plaintiff's Notice of Claim and Amended Complaint assert negligence claims, and the summary judgment record includes evidence of the officers' negligence in the events surrounding plaintiff's apprehension and arrest, including in their use of force. *See* Second Amended Complaint, DE #36, ¶¶ 72, 74; Notice of Claim, annexed to the Harvis Decl. as Exhibit 18, Pl. 56.1, ¶¶ 29-45.

---

[3] Defendants misrepresent the record when they claim (at p. 12 of their brief) that "[n]either of these defendants has…[a] record of CCIU complaints of excessive force or false arrest." *See* Plaintiff's Loc. Civ. R. 56.1(b) Counterstatement ("Pl. 56.1") at Response 7 (discussing similar civilian complaints against Telesford).

Second, although defendants likely do not appreciate it, *Rodriguez* stands for the proposition that, in the context of a contested seizure, a plaintiff such as Mr. Suriel may assert both intentional civil rights violations and state law claims for negligence. *Rodriguez*, 2022 WL 900613 at *8 ("Questions of fact exist concerning whether Officer Zheng violated the law through intentional, rather than negligent, conduct. Plaintiff may submit his negligence claim in the alternative to the jury.") (citations omitted) (collecting cases).

Indeed, in *Rodriguez* Judge Gershon providently deemed the pleadings amended to assert a negligence claim, just as Mr. Suriel respectfully submits the court should do here to allow plaintiff to assert his now valid yet previously foreclosed § 1983 claim for malicious prosecution.

> …I will allow plaintiff to pursue [a negligence] claim by treating the Complaint as amended. Defendants do not argue, nor could they, that they will be prejudiced by such a ruling. To the contrary, defendants addressed the merits of a negligence claim against Officer Zheng in a pre-motion conference letter. Moreover, no additional discovery is needed on this claim as it involves the same set of facts, and the parties have fully addressed the merits of the claim in their summary judgment briefing. Accordingly, I now deem the Complaint amended to include a negligence claim against Officer Zheng, and I deem defendants' answer to the Complaint amended to deny this claim.

*Id.* (citations omitted); *see supra* at n.2. Plaintiff respectfully notes that the *Rodriguez* defendants did not seek reconsideration of the summary judgment decision.

<u>Plaintiff Withdraws his Claims for Emotional
Distress</u>

If it should please the Court, based on the record here, plaintiff respectfully consents to dismissal of his claims for negligent and intentional infliction of emotional distress, as addressed at Points IV-V of defendants' brief.

<u>Plaintiff's Failure to Intervene and False Arrest
Claims Survive</u>

In their brief at Point VI (pp. 15-16), defendants argue that because the officers admittedly participated in plaintiff's arrest and used force against him, plaintiff cannot maintain failure to intervene claims against either defendant. But this is not a correct statement of the law.

First, in the case defendants cite, *Jackson v. City of New York*, the court denied summary judgment on the failure to intervene claim based on the same sort of factual disputes present here. 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013) ("[B]ecause a genuine issue of material fact exists as to the extent of each defendant police officer's participation in Plaintiff's arrest, which was officially executed by Officer Vogel, Defendants are not entitled to summary judgment on Plaintiff's claim for failure to intervene.") (citing *Dawkins v. Williams,* 413 F.Supp.2d 161, 172 (N.D.N.Y. 2006) for the proposition that "even if an officer is not directly involved in an arrest, they may still be liable under § 1983 for their failure to intervene"). The same rationale led the Hon. Alison J. Nathan to deny summary judgment on this claim in *Snead v. City of*

*New York*: "The Officers certainly have not presented undisputed evidence such that *no* reasonable jury could conclude that [they] had a realistic opportunity to intervene in [the arresting officer's] alleged constitutional violations. The Court therefore denies them summary judgment on this claim." 463 F. Supp. 3d 386, 400 (S.D.N.Y. 2020), *reconsideration denied sub nom. Snead v. LoBianco*, 16 CV 09528 (AJN), 2021 WL 861060 (S.D.N.Y. Mar. 8, 2021) (citation omitted) (emphasis in original); *see also*, *e.g.*, *Rodriguez*, 2022 WL 900613 at *11 (denying summary judgment on failure to intervene claims).

A reasonable jury, properly instructed on the law and considering this record could similarly conclude that defendant Telesford had the obligation and opportunity to intervene in defendant Samuel's false arrest of plaintiff and that either defendant could reasonably have intervened in the other's use of excessive force against Mr. Suriel. *See* Pl. 56.1 at ¶¶ 29-39.

Accordingly, plaintiff should be permitted to present an alternative claim against both defendants for failing to intervene in the use of excessive force and an alternative claim against defendant Telesford for failing to intervene in the false arrest of plaintiff by defendant Samuel.[4]

---

[4] Plaintiff agrees that the record does not support a claim that defendant Samuel failed to intervene in plaintiff's arrest.

In the second segment of defendants' Point VI, they also state, in a single sentence on p. 16, that "Telesford cannot…be sued for false arrest," citing *Theodat v. City of New York*, 818 Fed. Appx. 79 (2d Cir. 2020). However, *Theodat*, a non-precedential appellate opinion considering motions for a new trial and judgment as a matter of law after a plaintiff's verdict, supports denial of defendants' motion. As the Second Circuit explained in that case:

> Here there was sufficient evidence for a jury to believe that Officer McDonald failed to intervene. First, regardless of when the arrest was complete, the testimony is clear that Officer McDonald was present for the arrest and, crediting the evidence favoring the nonmoving party, that Officer McDonald also handled Theodat during the process of the arrest. Officer McDonald claimed at trial to have no memory of the arrest. But in addition to the evidence of Officer McDonald's presence at and involvement in the arrest process, Theodat testified that, immediately prior to Officer Crooms's handcuffing of Theodat, Officers Crooms and McDonald huddled together with other officers and had a conversation, during which Theodat overheard one officer say "good to go." The testimony was thus clear that Officer McDonald had ample chance to intervene.
>
> As to Officer McDonald's awareness of the falsity of the arrest, because he was present from the outset, because he was part of the group of officers who had a discussion immediately prior to handcuffing Theodat, and in light of the substantial evidence—including Theodat's testimony—supporting the jury's finding of false arrest, there was sufficient evidence for a jury to conclude that Officer McDonald knew that Officer Crooms's arrest was not based on probable cause and was therefore unconstitutional. The

> district court was thus correct to deny Officer McDonald's
> motion for judgment as a matter of law.

*Id.* at *83. The record here is strikingly similar (including a pre-arrest conferral between the individual defendants)[5] and, appropriately analyzed under Rule 56 in a light most favorable to plaintiff, provides ample evidence that defendant Telesford also "knew" that plaintiff's "arrest was not based on probable cause and was therefore unconstitutional," and therefore should not have participated and instead intervened to prevent the arrest. *Id.*; *see, e.g.,* Pl. 56.1 at Responses 31-39. Thus, Telesford is an appropriate defendant on plaintiff's false arrest and failure to intervene claims.

### Plaintiff Does Not Assert a *Monell* Claim

At their Point VII defendants argue that plaintiff's *Monell* claim lacks support. However, review of the pleadings indicates that plaintiff has not asserted a *Monell* claim.

### The State Law Claims are Timely

Defendants argue at Point VIII that plaintiff's state law against defendant Telesford are untimely because plaintiff did not amend the complaint to add defendant Telesford until more than one year after accrual of plaintiff's false arrest and assault and battery claims.

But this position is without merit, because, as indicated in the pleadings, plaintiff's state law claims are asserted against the Port Authority under a *respondeat superior*

---

[5] *See* Pl. 56.1 at Response 33.

10

theory, and the docket sheet reflects that a complaint asserting those causes of action was filed by Mr. Suriel on July 3, 2019. DE #1, ¶¶ 40, 47, 68, 73; *see, e.g., Velez v. City of New York*, 730 F.3d 128, 137 (2d Cir. 2013) ("If the employee acted within the scope of her employment, the employer…may be held liable for the employee's negligence only under a theory of *respondeat superior.*") (citing *Karoon v. N.Y.C. Transit Auth.,* 241 A.D.2d 323 (1st Dep't 1997)).

<u>Plaintiff Withdraws against the Port Authority</u>
<u>Police Department</u>

Defendants' final argument is that the Port Authority Police Department is not a suable entity. Having researched the matter, plaintiff respectfully consents to dismissal as against this defendant.

<u>Conclusion</u>

For the foregoing reasons, plaintiff respectfully requests that the Court deny defendants' partial motion to the extent set forth above.

Dated:        September 9, 2022
                 Briarcliff Manor, New York


                               Elefterakis, Elefterakis & Panek


                               _____
                               Gabriel P. Harvis
                               Baree N. Fett
                               80 Pine Street, 38th Floor
                               New York, New York 10005
                               (212) 532-1116

                               *Attorneys for plaintiff*

12